COLUMBIAN ENGINEERING CO. v. LEONARD KEIL, Inc.

(Supreme Court, Appellate Term.   November 10, 1911.)

SALES (§ 442*)—BREACH OF EXPRESS WARRANTY—MEASURE OF DAMAGES—EVIDENCE—SUFFICIENCY.

    The measure of damages for breach of express warranty of an article sold is the difference between the actual value of the article and the value which it would have had at the time of sale, if corresponding with the warranty; and in the absence of evidence establishing the value of the article, there can be no recovery.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Columbian Engineering Company against Leonard Keil, Incorporated.   From a judgment of the Municipal Court for plaintiff, rendered after a trial before the court without a jury, defendant appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Edward J. Shumway, for appellant.
Ira I. Goldsmith, for respondent.

SEABURY, J.   The complaint in this action is inartificially framed, but it is clear from a review of the record that, under the facts proved, the only legal theory upon which the plaintiff could properly recover was for the breach of an express warranty made by the defendant in a contract under which the plaintiff purchased an engine from the defendant.   Even upon this theory the judgment must be reversed, because there is no evidence of damage.   The lower court awarded judgment for the purchase price of the engine as damages for the defendant's alleged breach of warranty.   This was erroneous.   The proper rule of damages is the difference between the actual value of the engine and the value which it would have had at the time of the sale, if it had corresponded with the warranty.   In the absence of evidence to establish the value of the engine, the complaint should have been dismissed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.